## ARKANSAS KRAFT CORPORATION
### v. Gary HALBROOK

74-38                                                        512 S.W. 2d 544

Opinion delivered July 8, 1974
[Rehearing denied September 9, 1974.]

*Laser, Sharp, Haley, Young & Boswell*, P.A., for appellant.

*Felver A. Rowell, Jr.,* for appellee.

LYLE BROWN, Justice. As a result of injuries received from playing softball on a tract of land owned by appellant, appellee was awarded judgment for $15,000. For reversal appellant contends (1) that the court should have granted its request for a directed verdict, and (2) that it was error for the court to tell the jury that appellee was an invitee upon the premises.

The Conway County Softball Association is composed of a number of amateur teams. In July 1969 the teams were par-

ticipating in a district tournament at Morrilton. Appellee was a regular player on one of the local teams and while in the act of sliding into home base suffered a severe break of an ankle. Appellee's tort action was based on the allegation that the home plate was installed with some two to four inches protruding above ground level; that such construction constituted negligence; and that his injury was caused by his foot coming into contact with the protruding base.

Whether the trial court should have granted a directed verdict can be determined from a set of facts which are fairly undisputed. The first two games of the tournament were played on the field of Sacred Heart School. The playing surface was not satisfactory. Bill Hice, the district softball commissioner, obtained permission from appellant to use a pasture belonging to appellant which was at the time being converted into a baseball field. Fill dirt was in place, the backstop was up, and the fence had been erected. On Sunday morning before the game that afternoon, the district commissioner and the two umpires went to the field and made final preparations for the game. They put down the necessary lines and installed the bases. The two umpires who participated in getting the field ready were paid from tournament fees. Neither of the three men were employed by appellant. Balls and bases were bought from filing fees paid by the participating teams.

We think it crystal clear that if the home plate was improperly installed it was not the work of appellant, its agents, or employees. It is true that some of appellant's employees were present on the premises at the time of the accident; however, all the evidence is to the effect that they were there as players. Certainly they did not take any part in supervising the activities, nor is it shown that they had any authority to participate in supervision. The district commissioner for the softball league testified he was in complete charge of the field on the day in question.

Reversed and dismissed.